1
2
3
4
5
6
7
8
9
10              UNITED STATES DISTRICT COURT
11       CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION
12
13   GORDON H. SCHULZ,                )    Case No. EDCV 12-01087 SH
                                      )
14              Plaintiff,            )
                                      )
15        vs.                         )    MEMORANDUM DECISION
                                      )
16                                    )
17   CAROLYN W. COLVIN, Acting        )
     Commissioner of Social Security, )
18                                    )
                                      )
19              Defendant.            )
                                      )
20   ─────────────────────────────────

21              **I.  PROCEEDINGS**

22        This matter is before the Court for review of the decision by the

23   Commissioner of Social Security denying plaintiff's application for Disability

24   Insured Benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C. §

25   636(c), the parties have consented that the case may be handled by the

26   undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the

27   Court to enter judgment upon the pleadings and transcript of the record before the

28

                              1

Commissioner. Plaintiff and defendant have filed their pleadings and memorandums of points and authorities. The defendant has filed the certified administrative record (AR). After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

## II.  BACKGROUND

On January 16, 2009, plaintiff filed an application for Disability Insured Benefits (DIB) under Title II of the Social Security Act, alleging an onset of disability on February 29, 2008. Plaintiff's application was denied on April 21, 2009 and denied upon reconsideration on July 13, 2009. Plaintiff requested an administrative hearing which was held before an administrative law judge (ALJ) on July 2, 2010. The ALJ denied plaintiff's claim for DIB. The Appeals Council denied review of the decision on May 1, 2012.

Plaintiff filed this action making two challenges to the ALJ's decision. Plaintiff contends that (1) the ALJ failed to articulate specific and legitimate reasons for rejecting the treating physician's opinions; and (2) the ALJ failed to articulate clear and convincing reasons for rejecting plaintiff's testimony.  Each of plaintiff's contentions will be addressed in turn.

## III.  DISCUSSION

### A.  Standard of Review

Under 42 U.S.C. §405, this Court reviews the Commissioner's decision to determine if (1) the Commissioner's findings were supported by substantial evidence; and (2) the Commissioner used proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a preponderance." Desrosiers v. Secretary of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). This Court cannot disturb findings if those findings

are supported by substantial evidence, even though other evidence that exists may support plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973). Cert. denied, Torsk v. Weinberger, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

## B.    ISSUE NO. 1: The ALJ Provided Specific and Legitimate Reasons for Rejecting the Treating Physician's Opinion

Plaintiff contends that the ALJ failed to articulate specific and legitimate reasons for rejecting the treating physician's opinions.  In response, defendant contends that the ALJ provided a detailed and thorough summary of the medical evidence and set forth specific and valid reasons for rejecting the treating physician's opinions.

A treating physician's opinion is entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)); 20 C.F.R. § 416.927(d)(1). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes, supra (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 n. 7 (9th Cir. 1989). Where the ALJ rejects the treating physician's opinion, the ALJ must provide specific, legitimate reasons, supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008).

Here, the ALJ found that plaintiff has severe medically determinable impairments involving the musculoskeletal and lymphatic systems. He further found that plaintiff has the residual functional capacity to perform a limited range of light exertion. He is able to sit, stand, and walk for 6 hours of an 8 hour work day, and can occasionally climb stairs and ramps, balance, stoop kneel crouch, and

1  crawl. He is precluded from climbing ladders, ropes, or scaffolds.  (AR 32-33).

2       Plaintiff's treating physician, Dr. Steiger, diagnosed plaintiff with

3  musculoligamentous sprain of the cervical spine with radiculitus,

4  musculoligamentous sprain of the lumbar spine with lower extremity radiculitis,

5  overuse syndrome of the upper extremities, and bilateral carpal tunnel syndrome.

6  (AR 35, 213).  Dr. Steiger also indicated that plaintiff had permanent restrictions

7  from prolonged gripping, pushing, pulling or exposure to vibration with the hands;

8  and no repetitive forceful use of the hands in gripping, pushing or pulling. Dr.

9  Steiger stated that due to the cervical spine, plaintiff must avoid prolonged

10 repetitive flexion and extension of the neck, and no repetitive overhead use of the

11 upper extremities.  (AR 35, 219).

12      The ALJ did not accept Dr. Steiger's opinion. In rejecting Dr. Steiger's

13 opinion, the ALJ referred to specific, legitimate reasons, supported by substantial

14 evidence. First, the ALJ found that plaintiff's grip strength measurements,

15 according to measurements taken by Dr. Steiger and consultative examining

16 physician (CE), Dr. Simmonds, were within normal limits. (AR 36, 295, 193).

17 Although plaintiff argues that the grip strength test is not indicative of the ability to

18 perform work on a sustained basis, there is also no objective evidence indicating

19 plaintiff's inability to do so. In addition, the ALJ further discussed that there was

20 no evidence to establish the severity of carpal tunnel syndrome.  (AR 36). Dr.

21 Steigner's treatment notes indicate that he and another doctor, Dr. Portnoff, had

22 recommended that plaintiff have an electromyography and nerve conduction

23 testing "to rule out carpal tunnel syndrome." However, such testing was never

24 completed by Dr. Steiger or provided in the record. (AR 253, 298). A review of the

25 record indicates that orthopedic surgeon, Dr. Peter M. Newton, found that plaintiff

26 had only mild carpal tunnel entrapment of the right wrist, for which he

27 recommended only conservative care with the use of a wrist splint and

28 consideration for surgery only if symptoms became worse.  (AR 428). ALJ relied

1   on specific and legitimate reasons to appropriately reject Dr. Steiger's hand and
2   arm restrictions.

3        Plaintiff asserts that the ALJ failed to address any reasons for rejecting Dr.
4   Steiger's opinion that plaintiff should avoid prolonged neck flexion and extension
5   activities.  However, the ALJ pointed to specific, legitimate reasons for rejecting
6   Dr. Steiger's opinion, including the neck limitations, by referring to contrary
7   objective evidence. For instance, the ALJ made note that Dr. Steiger indicated that
8   plaintiff had disc protrusion, and in 2008 plaintiff's range of motion of the cervical
9   (i.e., the neck) and lumbar spine were limited.  The ALJ then referred to the CE's
10  notes which indicated that in 2009 plaintiff's range of motion of the cervical spine
11  was full, without discernible limitation in any plane or increased muscle tone or
12  spasm, but with some discomfort along the paravertebral musculature. (AR 36,
13  193). In addition, the ALJ referred to the results of MRI's of the cervical and
14  lumbar spine which showed no disc herniations in either the cervical or lumbar
15  spine. Although there are disc protrusions, there is only mild to moderate central
16  canal narrowing and no central or lateral spinal stenosis. (AR 35-36, 282-84). The
17  ALJ referred to specific and legitimate reasons for rejecting Dr. Steiger's neck
18  limitations.

19       Further, in November 2008, Dr. Steiger noted that an exam of the lumbar
20  spine indicated straight leg raising in the sitting position (70/70 degrees) and in the
21  supine position (35/50 degrees). (AR 34, 212). However, in April 2009, the CE's
22  notes indicate straight-leg raising was negative in both seated and supine positions.
23  Plaintiff appeared to be uncomfortable with elevations of the lower extremities
24  over 50 degrees in the supine position. (AR 36, 193). Dr. Steiger concluded that
25  plaintiff was permanently restricted to lifting no more than 30 to 40 pounds or 20
26  pounds repetitively. (AR 219). The CE diagnosed plaintiff with discogenic disease
27  of the cervical and lumbosacral spine with no radiculopathy or myelopathy, and
28  concluded that plaintiff could perform medium exertion. (AR 36, 194). The CE

also concluded plaintiff could push, pull, lift, and carry 50 pounds occasionally and 25 pounds frequently. (AR 194). Here, the ALJ took Dr. Steiger's treatment notes, the CE's notes, plaintiff's physical limitations, and the diagnosis of lymphoma into consideration in concluding that plaintiff was more limited than both Dr. Steiger and the CE had suggested. The ALJ ultimately concluded that plaintiff could perform light exertion and can only lift and carry 20 pounds occasionally and 10 pounds frequently. (AR 33, 35). In this case, the ALJ provided specific, legitimate reasons in giving Dr. Steiger's opinion less weight.

## C.    ISSUE NO. 2: The ALJ's finding of Credibility was Appropriate

Plaintiff also contends that the ALJ failed to articulate clear and convincing reasons for rejecting his testimony. In response, defendant contends that the ALJ articulated valid reasons for finding plaintiff not credible.

The Commissioner's assessment of plaintiff's credibility should be given great weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). "If the ALJ's decision is based on a credibility assessment, there must be an explicit finding as to whether the plaintiff's testimony was believed or disbelieved and the testimony must not be entirely discounted simply because there was a lack of objective findings." Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). Furthermore, if the Commissioner chooses to disregard plaintiff's testimony, the Commissioner must set for specific cogent reasons for disbelieving it. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); Holohan v. Massanari, 246 F.3d 1195 (9th Cir. 2001).  Once the plaintiff produces objective medical evidence of an underlying impairment, the ALJ may reject the plaintiff's excess pain testimony, but only be setting forth clear and convincing reasons for doing so. Light v. Social Sec. Admin., 119 F.3d 780, 792 (9th Cir. 1997); Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). In evaluating a claimant's credibility, the ALJ may consider the claimant's reputation

for truthfulness, inconsistencies within the claimant's testimony or as between his testimony and conduct, the claimant's daily activities, work history, as well as testimony from physicians or third parties concerning the nature, severity, and effect on the symptoms of which the claimant complains. Light, supra; see also Reddick, supra (although disability claimants should not be penalized for trying to lead normal lives despite their limitations, when the level of their activities are inconsistent with their claimed limitations, those activities have a bearing on the claimant's credibility).

In the decision, the ALJ concluded that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the residual functional capacity assessment. (AR 34).

The ALJ discussed that plaintiff's symptoms were not consistent with the presence of an incapacitating or debilitating condition. With regard to plaintiff's diagnosis of lymphoma, the ALJ discussed that doctors had not begun treatment for the lymphoma and that they routinely monitored the protein levels in his blood. (AR 36, 38). Plaintiff testified that he occasionally feels flushed and sweaty and that he lies down to relieve the symptoms. (AR 38, 55-56). This supports the conclusion that the lymphoma was not incapacitating or debilitating.

With regard to plaintiff's neck and lower back pain, the ALJ discussed that plaintiff's medication for pain was generally conservative. Conservative or infrequent treatment may be used by the ALJ to refute allegations of disabling pain. See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995). In the decision, the ALJ discussed that plaintiff took Tramadol on and off since 2003 and at the time of the hearing he took it twice a day. He further stated that it helped his condition and denied any side effects. (AR 38, 57-58). The plaintiff also testified that the day of the administrative hearing he did not take the Tramadol because he

1   did not like to take it before driving. (AR 57). Plaintiff's other medications were
2   limited to Advil 3-4 and Ibuprofen 3-4 days a week (AR 394), and Asprin and
3   Excedrin occasionally (AR 396). (AR 38). The fact that the Tramadol is helpful to
4   plaintiff's condition is relevant to the finding that plaintiff's pain is manageable,
5   rather than incapacitating or debilitating. The fact that plaintiff was be able to drive
6   or sit for the duration of the 90 mile drive without needing to take Tramadol,
7   further supports the conclusion that plaintiff's pain is not debilitating. (AR 38, 57,
8   59).

9       Plaintiff asserts that reversal is warranted because the ALJ improperly
10  employed "sit and squirm" jurisprudence by commenting on a claim
11  representative's notation that plaintiff did not appear to have difficulty carrying a
12  large bag. However, although the Circuit has held that it is not permissible for the
13  ALJ to rely solely on the claimant's appearance at the hearing, the "inclusion of the
14  ALJ's personal observations does not render the decision improper." Verduzco v.
15  Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999); citing, Morgan v. Commissioners of
16  Social Sec. Admin., 169 F.3d 595 (9th Cir. 1999)(citations omitted).  Here, the
17  ALJ did not solely rely on the claim representative's observation or his own
18  observations, but instead provided a thorough discussion of evidence that were
19  both favorable and unfavorable to plaintiff's position. The ALJ noted that plaintiff
20  testified that he could stand for 15-20 minutes, walk for 2 blocks, sit for 15-20
21  minutes and lift 10-15 pounds, but found that the objective testing did not support
22  his testimony. (AR38, 53). Rather, Dr. Steiger concluded that plaintiff could lift
23  and carry 30-40 pounds, but no more than 20 pounds repetitively. (AR 35, 219).
24  The CE concluded he could lift and carry 50 pounds occasionally and 25 pounds
25  frequently. (AR 194). Neither the treating doctor nor the CE provided any
26  restrictions or preclusions from walking, standing or sitting for any amount of
27  time. Ultimately, the ALJ concluded that plaintiff could lift and carry 20 pounds
28

occasionally and 10 pounds frequently. (AR 33). It is clear that the ALJ took into consideration, plaintiff's subjective assessment and objective medical evidence.

Plaintiff also asserts that the ALJ improperly relied on plaintiff's daily activities in making his credibility finding because there was no evidence that the plaintiff spent a substantial part of the day engaged in such activities.  An ALJ may consider among other things, a claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second guessing. Thomas v. Barnhart, 278, F.3d 947, 959 (9th Cir. 2002).  Even if a claimant's daily activities may also admit of an interpretation more favorable to the claimant, the court "must uphold the decision where evidence is susceptible to more than one rational interpretation." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (citing Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989)).

Here, the ALJ did not solely rely on plaintiff's daily activities in finding that plaintiff was not credible. Rather, the ALJ considered the daily activities among other factors which were supported by substantial evidence. See Burch, 400 F.3d at 680. The plaintiff testified that he takes walks 2-3 times a week, drives, runs errands, attends doctor and dental appointments, has lunch with friends, attends conventions, makes day trips, and watches movies. He further stated that he hopes to enjoy his retirement, perhaps work at a non-physical job, and travel.  (AR 38, 58-59, 415). It was not the mere fact that plaintiff carried on certain activities that the ALJ discredited him.  Rather, the ALJ concluded that in light of all the factors, including those discussed above (i.e., objective medical evidence, conservative treatment and medication, self-assessment unsupported by objective evidence), plaintiff's testimony was inconsistent with the presence of an incapacitating or debilitating medical condition. (AR 38). The ALJ's credibility finding was appropriate.

1

## IV.  CONCLUSION

2      For the forgoing reasons, the decision of the Commissioner is affirmed.

3

4   DATED:  April 16, 2013

5

6

7

8   _____
     STEPHEN J. HILLMAN
9   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28